UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CA. NO. 1:05-cv-632-SLR

Lindsey v. Brady et al.

Motion For Appointment Of Counsel

FILED

SEP 1 6 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

While acknowledging a pro-se Plaintiff has no constitutional or statutory right to representation by counsel (<u>Ray v. Robinson</u>, 640 F.2d 474, 477 3d cir. 1981); (<u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 3d cir. 1997). The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court <u>sua sponte</u>." <u>Montgomery v. Pinchack</u>, 294 F.3d 492, 499 (3d cir. 2002) It is within the court's discretion, however, to seek representation by counsel for Plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to (Plaintiff) resulting . . . from (Plaintiff's) probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." <u>Smith-Bey v. Petsock</u>, 741 F.2d 22, 26 (3d cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a Plaintiff's claim has arguable merit in fact and law). After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

<u>Tabron</u>, 6 F.3d at 155-57; <u>accord Parham</u>, 126 F.3d at 457; <u>Montgomery v.</u>

In Montgomery the Court of Appeals Circuit Judge, held that district court abused its discretion in refusing to appoint counsel for inmate. Inmate's § 1983 Case under the Eighth Amendment, that alleged deliberate indifference to his serious medical needs, presented complex legal issues, and weighed in favor of appointing counsel; numerous technical rulings against inmate clearly indicated that inmate was experiencing significant difficulty in proving elements of his own legal claim and inmate's case was compromised because he lacked representation at his own deposition and opportunity to take oral depositions. U.S.C.A. Const. Amend. 8; 28 U.S.C.A. § 1915 (e)(1); 42 U.S.C.A. § 1983.

Further in Montgomery, inmate's § 1983 Case under Eighth Amendment, that alleged deliberate indifference to his serious medical needs, demonstrated clear need for factual investigation beyond that which inmate could conduct from his prison cell, and weighed in favor of appointing counsel, since absence of medical records were vital to inmate's claim, defendants' resisted inmate's requests during discovery, and inmate had increasingly apparent inability to navigate case's complex discovery rules. U.S.C.A. Const. Amend. 8; 28 U.S.C.A. § 1915(e)(1); 42 U.S.C.A. § 1983.

Appointment Of Counsel Is Appropriate In This Case.

This case is based on the Plaintiff being denied medical treatment. And this case will in fact need investigation. For example, the plaintiff will need the physician's testimony and the R.N. testimony to determine the Plaintiff medical status and history relating his chronic care treatment for asthma. As the court is aware the plaintiff is in no position to conduct such investigations. Further, this particular investigation will be critical in this case because the plaintiff claims he was denied medical treatment and if the illness the plaintiff has is not properly treated the results most probably will be fatal.

for purpose of plaintiff's request for appointment of counsel, courts should consider plaintiff's education, literacy, prior work experience, and prior litigation experience, and the court must consider whether plaintiff has access to necessary resources like typewriter, photocopier, telephone, and computer. 28 U.S.C.A. § 1915.

In this case plaintiff is housed in maximum security the only way he can contact the law library is by mail. That can take a week or more to get back what is needed. And surely it will be deadlines set by the court which plaintiff will need to meet. The plaintiff cannot personally go to the law library because of his housing area which only puts obstacles in plaintiff's path and prevents him from fully and fairly litigating his case. Also the court should consider the fact that plaintiff has three pending cases with the court.

The plaintiff respectfully ask the court to Grant his motion.

Respectfully Submitted,

Gerron Lindsey

Dated: september 9, 2005

$ 00.60
PITNEY BOWES
SEP 15 2005
02 1A 0004395355
000439535S
MAILED FROM ZIP CODE 19967

U.S.M.S.
X-RAY

I/M Caecon Linssey
SBI# 326202    UNIT SHU-19
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

LEGAL MAIL

United States District
844 King Street Lockbox 18
Wilmington, Delaware 1980