IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERRON LINDSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-632-SLR |
| | ) |
| ATTORNEY GENERAL JANE BRADY, | ) |
| WARDEN THOMAS CARROLL, | ) |
| COMMISSIONER STANLEY TAYLOR, | ) |
| BUREAU CHIEF PAUL HOWARD, | ) |
| INTERNAL AFFAIRS, SERGEANT | ) |
| JOSEPH BELANGER, CORPORAL | ) |
| LISE MERON, and C/O ROSALIE | ) |
| VARGUS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 31st day of October, 2005, plaintiff having paid the full civil filing fee on August 31, 2005;

IT IS ORDERED that:

1. The Clerk of Court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall complete and return to the Clerk of Court an original "U.S. Marshall 285" form for all defendants **and** for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). Plaintiff is notified that the United States Marshal will not serve the complaint until the "U.S. Marshal 285" form

has been received by the Clerk of Court. **Failure to provide the "U.S. Marshal 285" form for the Attorney General within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

    3.    Upon receipt of the form required by paragraph a above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order, and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

    4.    Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

    5.    Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way

of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

      6.   No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this action unless the documents reflect proof of service upon the parties or their counsel. The clerk is instructed not to accept any such document unless accompanied by proof of service.

      7.   Plaintiff's motion for appointment of counsel (D.I. 6) is denied without prejudice to renew after service of the complaint has been effectuated.

      8.   Plaintiff's motion for injunctive relief is denied (D.I. 5), the court finding that plaintiff has not demonstrated immediate or irreparable harm will occur if this extraordinary remedy is not granted. Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989) (quoting Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988)); Cont'l Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980).

                                                    _____
                                                    United States District Judge