# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GERRON MAURICE LINDSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-632-SLR |
| | ) | |
| ATTORNEY GENERAL JANE BRADY, | ) | JURY TRIAL DEMANDED |
| WARDEN THOMAS CARROLL, | ) | |
| COMMISSIONER STANLEY TAYLOR, | ) | |
| BUREAU CHIEF PAUL HOWARD, | ) | |
| INTERNAL AFFAIRS, SERGEANT | ) | |
| JOSEPH BELANGER, CORPORAL | ) | |
| LISE MERSON, and C/O ROSALIE | ) | |
| VARGUS, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

### GENERAL OBJECTIONS

1. Defendants object to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. Defendants object to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3. Defendants object to the Interrogatories to the extent that they purport to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. Defendants object to the Interrogatories to the extent that they purport to

seek information or documents not in their possession, custody or control.

5. Defendants object to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiff or Plaintiff's counsel. Such documents will be identified by Defendants, but will not be produced.

6. Defendants object to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7. Defendants object to the Interrogatories to the extent that they seek the production of documents generated by or received from their counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Defendants' Responses, Defendants respond, after a reasonable search, and subject to supplementation, as follows:

1. Any statements, declarations, petitions, or affidavits relating to, regarding or arising out of the incidents alleged in Plaintiff's Complaint and any statements, declarations, or affidavits of Defendants, other personnel of D.O.C., and witnesses.

**RESPONSE:** Objection. This interrogatory seeks production of information protected from discovery by the attorney-client and work product privileges. Without waiving this objection, there are none.

2. All criminal history records for each Defendant from every State including Delaware for the past 15 years.

**RESPONSE:** Objection. This Interrogatory seeks information not relevant to the claims set forth in the complaint nor reasonably calculated to lead to the discovery of admissible evidence.

3.  All medical records that DOC possess[es] of Plaintiff.

**RESPONSE:** See Attached Medical Records of the Plaintiff.

4.  Each Defendant's employment credentials and rank.

**RESPONSE:**

Defendant Jane Brady was formerly Attorney General for the State of Delaware. As of the date of the filing of Defendants' Response to Plaintiff's Request for Production, she is a Judge with the Superior Court of the State of Delaware.

Defendant Warden Thomas Carroll graduated from college in 1977. He has been employed by the Department of Correction from 1980 until the present, first as a Counselor and an Inmate Classification Officer, from 1980 until 1989. He was a Training Administrator from 1989 until 1992, Warden at Morris Correctional Institution from 1992 until 1997, Warden at Webb Correctional Facility from 1996 until 2001, and Warden at Delaware Correctional Center from 2001 until the present.

Defendant Commissioner Stanley Taylor is a graduate of the University of Delaware and has been employed by the Delaware Department of Correction from 1976 until the present. He started his employment as a Correctional Officer, then was the Deputy Warden at Sussex Correctional Institution from 1983 until 1992; and Warden from 1992 until 1993. He was the Chief of the Bureau of Prisons from 1993 until 1995 and has been Commissioner of the Department of Correction since 1995.

Defendant Paul Howard Bureau Chief of Prisons graduated from Seton Hall

University in 1972 with a Master's Degree. Defendant Howard has been employed by the DOC since January, 1973. Defendant Howard has held the following positions while employed at the DOC; Counselor, Counselor Supervisor, Security Superintendent, Director of Community Corrections and Warden at BWCI.  Presently, defendant Howard is Chief of the Bureau of Prisons having held this position since 1996.

Defendant Lise Merson has been employed by the DOC since June, 1988. In 1996, defendant Merson was promoted to Sergeant. In 1998, defendant Merson requested a transfer to officer and in December, 1999 started the Inmate Grievance Office.  In 2002, defendant Merson was promoted to rank of Corporal and currently holds that rank while working in the DCC grievance office.

Defendant Joseph Belanger commenced employment at the DOC in January, 1980 as a Correctional Officer. Defendant Belanger progressed through the ranks to Lieutenant in 1986 and Captain in 1994. In 2004, defendant Belanger transferred to Sergeant and holds that rank presently.

Defendant Rosalie Vargas commenced employment as a Correctional Officer with the DOC in September, 1995. The defendant presently works at the DCC.

5.      Each Defendant's disciplinary records, sanctions, or reprimands they may have received during employment for DOC.

**RESPONSE:**        Objection.  This Interrogatory seeks information not relevant to the claims set forth in the complaint nor reasonably calculated to lead to the discovery of admissible evidence.  Further objection that this Interrogatory seeks production of confidential information protected from discovery by 11 *Del.C.*§4322 and by 29 *Del.C.*§10001.

6.  Any response by Defendants to Plaintiff's grievance or letters arising out of the complaint.

**RESPONSE:**  See Attached Grievance, Grievance Report and Informal Resolution.

7.  Any reports written by Defendants arising from the alleged complaint by Plaintiff.

**RESPONSE:**  See Attached Incident Report.

8.  Any interviews, correspondence, or transcripts related to Plaintiff's complaint.

**RESPONSE:**  Objection. This interrogatory seeks production of information protected from discovery by the attorney-client and work product privileges. Without waiving this objection attached is a copy of a letter the plaintiff sent to Defendants' Counsel regarding one of the defendants.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Eileen Kelly
Eileen Kelly, I.D. No. 2884
Deputy Attorney General
820 North French Street, 6th Fl.,
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us
Attorney for Defendants

Dated: October 25, 2006

## *CERTIFICATE OF SERVICE*

I hereby certify that on October 25, 2006, I electronically filed *Defendants' Response to Plaintiff's Request for Production of Documents* with the Clerk of Court using CM/ECF. I hereby certify that on October 25, 2006, I have mailed by United States Postal Service, the document to the following non-registered party: Gerron Lindsey.

/s/ Eileen Kelly
Eileen Kelly (ID # 2884)
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us