IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GERRON LINDSEY,

    Plaintiff,

    v.

ATTORNEY GENERAL JANE BRADY,
WARDEN THOMAS CARROLL,
COMMISSIONER STANLEY TAYLOR,
BUREAU CHIEF PAUL HOWARD,
INTERNAL AFFAIRS,
SERGEANT JOSEPH BELANGER,
CORPORAL LISE MERSON,
CORRECTIONAL OFFICER ROSALIE VARGUS,

    Defendants.

C.A. NO. 05-632-SLR



FILED

FEB 26 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

DECLARATION IN SUPPORT OF
PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

Gerron M. Lindsey hereby declares:

1. I am the plaintiff in the above entitled case. I make this declaration in support of my motion for the appointment of counsel.

2. The complaint in this case alleges that plaintiff was denied medical treatment by prison authorities, one of whom forced the nurse on duty to end plaintiff's breathing treatment. It alleges that supervisory officials were aware of the denial of plaintiff's medical treatment by one of the officers and are liable for effectively ratifying and condoning this action by failing to take action to control this officer. The plaintiff was subsequently denied due process in a grievance hearing by the grievance officers, and no appeal

could be taken due to these grievance officers finding the complaint to be non-grievable. See Exhibit A, page 5. The plaintiff was denied ordered medical treatment by prison authorities.

3. This is a complex case because it contains several legal claims involving several defendants.

4. The case involves medical issues that may require expert testimony.

5. The plaintiff has demanded a jury trial.

6. The case will require discovery of documents and depositions of a number of witnesses.

7. The testimony will be in sharp conflict, since the plaintiff alleges that the defendants denied him medical treatment, while at least one defendant in his deposition testified that he did not deny the plaintiff medical treatment. See Ex. B. p.6

8. The plaintiff has made several discovery request and the defendants has denied to produced majority of the documents. These discovery restrictions make it impossible for the plaintiff to litigate his case adequately pro se. See Ex. C.

9. The plaintiff has only a partial high school education and has no legal education.

10. The plaintiff is housed in the Super Maximum Security Unit. For this reason he has very limited access to legal materials and has no ability to investigate the facts of the case, for example, by locating and interviewing other inmates or officers whom were eye witnesses.

WHEREFORE, plaintiff respectfully request that this Honorable Court grant his motion.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on: 2-15-07

Gerron Lindsey

Gerron Lindsey

2

**DCC Delaware Correctional Center**
Smyrna Landing Road
**SMYRNA DE, 19977**
Phone No. 302-653-9261

Date: 06/27/2005

## GRIEVANCE REPORT

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name :** LINDSEY, GERRON M | **SBI# :** 00326202 | **Institution :** DCC |
| **Grievance #** : 11771 | **Grievance Date :** 02/23/2005 | **Category :** Individual |
| **Status** : Non Grievable | **Resolution Status :** | **Resol. Date :** |
| **Grievance Type:** Disciplinary | **Incident Date :** 02/23/2005 | **Incident Time :** |
| **IGC** : Vargas, Rosalie | **Housing Location :** Bldg 19, Upper, Tier B, Cell 9, Single | |

### OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** I was in the nurses offic in SHU 17 getting treated by Nurse Holly F for my breathing trouble. I was accompanied by Correctional officers Tunrer and Nikapara. Sergeant J. Bellanger entered the office and told myself and Nurse Holly F that he was writing the both of us up for me receiving treatment because it was slowing his work down. He forced her end the treatment. Aftr I was escorted back to D tier I was placed in the showers. Sgt Bellanger came up to the shower and told me to strip down and give hime all of clothes that I had on.

**Remedy Requested** : I request that my medical chart be reviewed to verify that I am a asthma patient. i also ask that Sergeant J Bellanger not end my medical treatment when it's needed. And I request that action be taken against Sergeant J Bellanger for harassment and cruel and unusual punichment.

### INDIVIDUALS INVOLVED

| Type | SBI # | Name |
|---|---|---|
| | | |

### ADDITIONAL GRIEVANCE INFORMATION

| | |
|---|---|
| **Medical Grievance :** NO | **Date Received by Medical Unit :** |
| **Investigation Sent :** | **Investigation Sent To** : Sagers, Clyde |
| **Grievance Amount :** | |

Exhibit A

**DCC Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date: 06/27/2005

# INFORMAL RESOLUTION

OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name :** LINDSEY, GERRON M | **SBI#** : 00326202 | **Institution** : DCC |
| **Grievance #** : 11771 | **Grievance Date** : 02/23/2005 | **Category** : Individual |
| **Status** : Non Grievable | **Resolution Status:** | **Inmate Status :** |
| **Grievance Type:** Disciplinary | **Incident Date** : 02/23/2005 | **Incident Time :** |
| **IGC** : Vargas, Rosalie | **Housing Location :** Bldg 19, Upper, Tier B, Cell 9, Single | |

INFORMAL RESOLUTION

**Investigator Name** : Sagers, Clyde                **Date of Report** 02/28/2005

**Investigation Report :**

**Reason for Referring:**

---

**Investigator Name** : Seacord, Thomas J                **Date of Report** 03/03/2005

**Investigation Report :** I interviewed Nurse H. Furne and instructed that she could not take too long for each individual. Sgt Belanger did write a 404 on the incident.

**Reason for Referring:** Please investigate and resolve.

Offender's Signature:_____

Date                :_____

Witness (Officer)   :_____

**DCC  Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date: 06/27/2005

## GRIEVANCE INFORMATION - IGC

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name :** LINDSEY, GERRON M | **SBI#** : 00326202 | **Institution** : DCC |
| **Grievance #** : 11771 | **Grievance Date** : 02/23/2005 | **Category** : Individual |
| **Status** : Non Grievable | **Resolution Status :** | **Inmate Status :** |
| **Grievance Type:** Disciplinary | **Incident Date** : 02/23/2005 | **Incident Time :** |
| **IGC** : Vargas, Rosalie | **Housing Location :** Bldg 19, Upper, Tier B, Cell 9, Single | |

### IGC

**Medical Provider:**                              **Date Assigned**

**Comments:**

☐ **Forward to MGC**            ☐ **Warden Notified**

☒ **Forward to RGC**            **Date Forwarded to RGC/MGC :** 03/03/2005

☐ **Offender Signature Captured**     **Date Offender Signed** :

**DCC Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date: 06/27/2005

## GRIEVANCE INFORMATION - RGC

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name :** LINDSEY, GERRON M | **SBI# :** 00326202 | **Institution** : DCC |
| **Grievance #** : 11771 | **Grievance Date** : 02/23/2005 | **Category** : Individual |
| **Status** : Non Grievable | **Resolution Status :** | **Inmate Status :** |
| **Grievance Type:** Disciplinary | **Incident Date** : 02/23/2005 | **Incident Time :** |
| **IGC** : Vargas, Rosalie | **Housing Location :** Bldg 19, Upper, Tier B, Cell 9, Single | |

### RGC

**Date Received : 03/03/2005**          **Date of Recommendation: 06/27/2005**

### GRIEVANCE COMMITTEE MEMBERS

| Person Type | SBI # | Name | Vote |
|---|---|---|---|

**VOTE COUNT**

| Uphold : | Deny : | Abstain : |
|---|---|---|

### TIE BREAKER

| Person Type | SBI # | Name | Vote |
|---|---|---|---|

### RECOMMENDATION

Non-grievable. Disciplinary

*19   BU-9*

### R. G. C Recommendation
This must be completed & returned to the I. G. C. within 30 calendar days

**Grievant's Name:** Lindsey, Gerron   **SBI:** 00326202   **Case#:**11771

Non Grievable
Disciplinary

**R. G. C. Menbers:**

**Inmate Representative:** _____

**Inmate Representative:** _____

**Counselor:** _____

**Security:** _____

**I.G.C.:** _____

**CC:** File
     Grievant

41

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GERRON LINDSEY,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )  Civ. No. 05-632-SLR
                                   )
ATTORNEY GENERAL JANE BRADY,       )
et al.,                            )
                                   )
          Defendants.              )

## CERTIFICATION

At Wilmington this 12th day of January, 2007;

I, Nancy Rebeschini, Esquire, pro se law clerk, and
designated officer for depositions upon written questions held
before me on December 19, 2006, do here by certify that:

1.  The deposition of Joseph Belanger was held on December
19, 2006, at 11:30 a.m., at the J. Caleb Boggs Federal Building,
Wilmington, Delaware.

2.  On that same date, Joseph Belanger declared before me,
an individual authorized to administer oaths, that his written
answers were true and correct.

3.  I read aloud each and every deposition question
submitted by plaintiff, Gerron Lindsey, for deponent, Joseph
Belanger.

4.  I personally observed deponent, Joseph Belanger, answer
in writing, the deposition questions.

5.  A true and correct copy of the written questions filed
by plaintiff, the original written answers of deponent, and

Exhibit B

written original objections made by his counsel are attached hereto and are filed with the court, and copies shall be served upon the parties and the deponents.

I, Nancy Rebeschini, certify under penalty of perjury that the foregoing is true and correct.

Executed this ___12th___ day of January, 2007.

Nancy Rebeschini, Esquire,
Designated Officer

2

## CERTIFICATE OF SERVICE

I hereby certify that on January 12th, 2007, I caused to be electronically filed the attached Certification with the Clerk of the Court using CM/ECF, which will send notification of such filing to Eileen Kelly, Esquire, counsel for defendants.   I further certify I caused a true and correct copy of the attached Certification to be served via U.S. mail on plaintiff, Gerron Lindsey, SBI #326202, Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

Nancy Rebeschini, Esquire,
Designated Officer

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GERRON LINDSEY,
     Plaintiff,

    v.

ATTORNEY GENERAL JANE BRADY,
et al.,    Defendants.

Civ. No. 05-632-SLR



FILED

NOV 20 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

scanned

The following questions are for defendant Joseph Belanger for
the taking of deposition. (D.I. 33).

Question 1. What was your purpose in forcing the nurse to end
Plaintiff Gerron Lindsey breathing treatment?

Question 2. Were you aware of Plaintiff Gerron Lindsey Condition
at the time the treatment was ended?

Question 3. Are you certified medical personell?

Question 4. What is currently your rank for the department of
correction?

Question 5. Upon you entering the medical office What
was your observation?

Question 6. Have you ever been Convicted of any crimes
in any State? If So please identify What you were
Charged with.

Question 7. Other than what is stated in your incident report was there any other reason that the nurse was forced to end Plaintiff Gerron Lindsey breathing treatment?

Question 8. During the breathing treatment was Plaintiff Gerron Lindsey secured in any handcuffs or shackles. (If yes please describe how so)

Question 9. What is the Standard operating Procedure when medical Staff deems a treatment for a inmate to be needed?

Question 10. Is it normal procedure for inmates to be strip down and searched after returning to their housing area from medical.

Certificate Of Service

I hereby certify that on November 16, 2006, I mailed by U.S. Postal Service, ten questions to the clerk of Court in the matter of (D.I. 33),

*Devron Lindsey*

JOSEPH BELANGER
DEC. 19, 2006

1) I DID NOT FORCE NURSE HOLLY FURNE TO END BREATHING TREATMENT ON JERRON LINDSAY

2) I AM NOT AWARE OF ANY CONDITIONS AT THE TIME

3) I CANNOT ANSWER THE QUESTION WITHOUT CLEAR UNDERSTANDING OF QUESTION

4) CORRECTIONAL SERGEANT

5) I DO NOT RECALL

6) YES, DUI FIRST OFFENSE IN STATE OF DELAWARE

7) NURSE WAS NOT FORCED TO END BREATHING TREATMENT

8) I DO NOT RECALL

9) PROVIDE TREATMENT

10) YES IF THERE IS PROBABLE CAUSE

/ / / / / / / / / / /

JOSEPH H BELANGER

DEC. 19, 2006

Deposition of Joseph Belanger

Eileen Kelly Dec. 19, 2006

6. Objection as to relevance.

Eileen Kelly

Eileen Kelly
Attorney for Defendant Joseph Belanger

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERRON MAURICE LINDSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 05-632-SLR |
| ) | |
| ATTORNEY GENERAL JANE BRADY, ) | JURY TRIAL DEMANDED |
| WARDEN THOMAS CARROLL, ) | |
| COMMISSIONER STANLEY TAYLOR, ) | |
| BUREAU CHIEF PAUL HOWARD, ) | |
| INTERNAL AFFAIRS, SERGEANT ) | |
| JOSEPH BELANGER, CORPORAL ) | |
| LISE MERSON, and C/O ROSALIE ) | |
| VARGUS, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## CONTINUING REQUEST FOR PRODUCTION OF DOCUMENTS

## GENERAL OBJECTIONS

1.     Defendants object to the Requests to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2.     Defendants object to the Requests to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3.     Defendants object to the Requests to the extent that they purport to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4.     Defendants object to the Requests to the extent that they purport to seek

Exhibit C

information or documents not in their possession, custody or control.

5.      Defendants object to the Requests to the extent that they seek the production of documents equally available to the Plaintiff or Plaintiff's counsel. Such documents will be identified by Defendants, but will not be produced.

6.      Defendants object to the Requests to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7.      Defendants object to the Requests to the extent that they seek the production of documents generated by or received from their counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Defendants' Responses, Defendants respond, after a reasonable search, and subject to supplementation, as follows:

9.      The standing operating procedure for medical care/emergencies for Delaware Correctional Center.

**RESPONSE:**      Objection. This Request seeks production of confidential information protected from discovery by 11 *Del. C.* §4322.

10.      The standing operating procedure for SHU (Security Housing Unit) inmates receiving medical care or emergency treatment.

**RESPONSE:**      Objection. This Request seeks production of confidential information protected from discovery by 11 *Del. C.* §4322.

11.    Delaware Correctional Center/Department of Correction Grievance Procedure.

**RESPONSE:**       Objection. This Request seeks production of confidential
information protected from discovery by 11 *Del. C.* §4322. Without waiving this
objection, the grievance procedure is equally available to Plaintiff through the
institutional law library.

12.    The standing operating procedure for transporting SHU (Security Housing Unit)
inmates off their housing tier to anyplace (including medical, visits, recreation, etc.).

**RESPONSE:**       Objection. This Request seeks production of confidential
information protected from discovery by 11 *Del. C.* §4322.

13.    Transcripts from the taking of deposition of Plaintiff on October 13, 2006.

**RESPONSE:**       This transcript has been provided to Plaintiff.

                              **STATE OF DELAWARE**
                              **DEPARTMENT OF JUSTICE**

                              /s/ Eileen Kelly
                              Eileen Kelly, I.D. No. 2884
                              Deputy Attorney General
                              820 North French Street, 6th Fl.,
                              Wilmington, DE 19801
                              (302) 577-8400
                              eileen.kelly@state.de.us
                              Attorney for Defendants

Dated: December 22, 2006

### *CERTIFICATE OF SERVICE*

I hereby certify that on December 22, 2006, I electronically filed *Defendants'*

*Response to Plaintiff's Continuing Request for Production of Documents* with the Clerk

of Court using CM/ECF. I hereby certify that on December 22, 2006, I have mailed by

United States Postal Service, the document to the following non-registered party: Gerron

Lindsey.

/s/ Eileen Kelly
Eileen Kelly (ID # 2884)
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

GERRON MAURICE LINDSEY,                )
                                       )
      Plaintiff,                       )
                                       )
v.                                     )        C. A. No. 05-632-SLR
                                       )
ATTORNEY GENERAL JANE BRADY,           )        JURY TRIAL DEMANDED
WARDEN THOMAS CARROLL,                 )
COMMISSIONER STANLEY TAYLOR,           )
BUREAU CHIEF PAUL HOWARD,              )
INTERNAL AFFAIRS, SERGEANT             )
JOSEPH BELANGER, CORPORAL              )
LISE MERSON, and C/O ROSALIE           )
VARGUS,                                )
                                       )
      Defendants.                      )

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## REQUEST FOR PRODUCTION OF DOCUMENTS

## GENERAL OBJECTIONS

1.    Defendants object to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2.    Defendants object to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3.    Defendants object to the Interrogatories to the extent that they purport to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4.    Defendants object to the Interrogatories to the extent that they purport to

seek information or documents not in their possession, custody or control.

5.     Defendants object to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiff or Plaintiff's counsel. Such documents will be identified by Defendants, but will not be produced.

6.     Defendants object to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7.     Defendants object to the Interrogatories to the extent that they seek the production of documents generated by or received from their counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Defendants' Responses, Defendants respond, after a reasonable search, and subject to supplementation, as follows:

1.     Any statements, declarations, petitions, or affidavits relating to, regarding or arising out of the incidents alleged in Plaintiff's Complaint and any statements, declarations, or affidavits of Defendants, other personnel of D.O.C., and witnesses.

**RESPONSE:**     Objection. This interrogatory seeks production of information protected from discovery by the attorney-client and work product privileges. Without waiving this objection, there are none.

2.     All criminal history records for each Defendant from every State including Delaware for the past 15 years.

**RESPONSE:** Objection. This Interrogatory seeks information not relevant to the claims set forth in the complaint nor reasonably calculated to lead to the discovery of admissible evidence.

3.      All medical records that DOC possess[es] of Plaintiff.

**RESPONSE:**    See Attached Medical Records of the Plaintiff.

4.      Each Defendant's employment credentials and rank.

**RESPONSE:**

Defendant Jane Brady was formerly Attorney General for the State of Delaware. As of the date of the filing of Defendants' Response to Plaintiff's Request for Production, she is a Judge with the Superior Court of the State of Delaware.

Defendant Warden Thomas Carroll graduated from college in 1977. He has been employed by the Department of Correction from 1980 until the present, first as a Counselor and an Inmate Classification Officer, from 1980 until 1989. He was a Training Administrator from 1989 until 1992, Warden at Morris Correctional Institution from 1992 until 1997, Warden at Webb Correctional Facility from 1996 until 2001, and Warden at Delaware Correctional Center from 2001 until the present.

Defendant Commissioner Stanley Taylor is a graduate of the University of Delaware and has been employed by the Delaware Department of Correction from 1976 until the present. He started his employment as a Correctional Officer, then was the Deputy Warden at Sussex Correctional Institution from 1983 until 1992; and Warden from 1992 until 1993. He was the Chief of the Bureau of Prisons from 1993 until 1995 and has been Commissioner of the Department of Correction since 1995.

Defendant Paul Howard Bureau Chief of Prisons graduated from Seton Hall

University in 1972 with a Master's Degree. Defendant Howard has been employed by the

DOC since January, 1973. Defendant Howard has held the following positions while

employed at the DOC; Counselor, Counselor Supervisor, Security Superintendent,

Director of Community Corrections and Warden at BWCI. Presently, defendant Howard

is Chief of the Bureau of Prisons having held this position since 1996.

Defendant Lise Merson has been employed by the DOC since June, 1988. In 1996,

defendant Merson was promoted to Sergeant. In 1998, defendant Merson requested a

transfer to officer and in December, 1999 started the Inmate Grievance Office. In 2002,

defendant Merson was promoted to rank of Corporal and currently holds that rank while

working in the DCC grievance office.

Defendant Joseph Belanger commenced employment at the DOC in January, 1980 as

a Correctional Officer. Defendant Belanger progressed through the ranks to Lieutenant in

1986 and Captain in 1994. In 2004, defendant Belanger transferred to Sergeant and holds

that rank presently.

Defendant Rosalie Vargas commenced employment as a Correctional Officer with the

DOC in September, 1995. The defendant presently works at the DCC.

5.      Each Defendant's disciplinary records, sanctions, or reprimands they may have

received during employment for DOC.

**RESPONSE:**      Objection. This Interrogatory seeks information not relevant to the

claims set forth in the complaint nor reasonably calculated to lead to the discovery of

admissible evidence. Further objection that this Interrogatory seeks production of

confidential information protected from discovery by 11 *Del.C.*§4322 and by 29

*Del.C.*§10001.

6.    Any response by Defendants to Plaintiff's grievance or letters arising out of the complaint.

**RESPONSE:**    See Attached Grievance, Grievance Report and Informal Resolution.

7.    Any reports written by Defendants arising from the alleged complaint by Plaintiff.

**RESPONSE:**    See Attached Incident Report.

8.    Any interviews, correspondence, or transcripts related to Plaintiff's complaint.

**RESPONSE:**    Objection. This interrogatory seeks production of information protected from discovery by the attorney-client and work product privileges. Without waiving this objection attached is a copy of a letter the plaintiff sent to Defendants' Counsel regarding one of the defendants.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Eileen Kelly
Eileen Kelly, I.D. No. 2884
Deputy Attorney General
820 North French Street, 6th Fl.,
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us
Attorney for Defendants

Dated: October 25, 2006

CERTIFICATE OF SERVICE

I, Gerron M. Lindsey (Plaintiff), do hereby certify that on this 16th day Of February, 2007, I caused to be served the foregoing motion for appointment of counsel and declaration in support of motion for appointment of counsel to the clerk of court, and MS. Eileen Kelly, Esq, Via regular U.S. Mail.

Gerron Lindsey
GerronLindsey - 326202
D.C.C. 1181 Paddock Road
Smyrna, Delaware 19977

LEGAL MAIL

I/M: GIERRON LINDSEY

SBI# 326202        UNIT: SHU-17

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

United States District Court

844 N. King Street, Lockbox 18

Wilmington, Delaware 19801-3570