IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERRON LINDSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 05-632-SLR |
| | ) |
| ATTORNEY GENERAL JANE BRADY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 4th day of April, 2007, having considered plaintiff's pending motions;

IT IS ORDERED that:

1. The court reserves its ruling on plaintiff's motion to depose correctional officers Turner and Nikapara, investigating officer Thomas J. Seacord, and Sergeant Joseph J. Macchiarelli pending a showing by plaintiff of his financial ability to pay for the costs associated with the depositions. (D.I. 48, 50) Pro se litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure.

2. Plaintiff does not proceed in forma pauperis. Even if he did, the court has no authority to finance or pay for a party's discovery expenses. Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa.1991) (§ 1915 does not require the government to advance funds for deposition expenses); Doe v. United States, 112 F.R.D. 183, 184-85 (S.D.N.Y. 1986) (in forma pauperis statute does not require government to advance funds for deposition expenses); Toliver v. Community Action Comm'n to Help the Econ., 613 F.Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the

repayment of discovery costs for pro se in forma pauperis plaintiff); Ronson v. Commissioner of Corr. for State of N.Y., 106 F.R.D. 253, 254 (S.D.N.Y. 1985) (indigent prisoner's motion to depose physician at corrections facility denied); Sturdevant v. Deer, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); Ebenhart v. Power, 309 F.Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether Section 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery.").

3. Also, plaintiff wishes to take the depositions of non-defendants. He cannot, without issuing subpoenas. An inmate proceeding in forma pauperis in a civil action may not issue subpoenas without paying the required fees. See Pedraza v. Jones, 71 F.3d 194, 196 n.4 (5th Cir. 1995); Fernandez v. Kash N' Karry Food Stores, Inc., 136 F.R.D. 495, 496 (M.D. Fla. 1991) (witness and mileage fees required to be paid by indigent plaintiff).

4. The taking of depositions would entail stenographic or court reporter expenses which this court is not authorized to pay. It is plaintiff's responsibility to pay for the costs associated with the taking of depositions. Therefore, plaintiff is given **thirty days** from the date of this order to make a showing that he is able to pay the expenses for the taking of the depositions. Failure to timely respond, or to make an adequate showing will result in denial of the motions. (D.I. 48, 50)

5. Plaintiff's renewed motion for appointment of counsel is **denied** without prejudice. (D.I. 53) Plaintiff previously sought, and was denied, appointed counsel.

(D.I. 7)  The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court sua sponte." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).  It is within the court's discretion to seek representation by counsel for plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting. . .from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).  After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:  (1) plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of plaintiff to pursue investigation; (4) plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses.  Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d at 499.

      6.  In the present case, plaintiff has shown that he is able to articulate the alleged facts clearly.  To date, the motions he has filed evidence his ability to understand and implement the Federal Rules of Civil Procedure.  He is receiving the necessary discovery.  Finally, while there is a medical needs issue, at this time it is not clear that

expert testimony is necessary.

                                                                                          _____
                                                                                     UNITED STATES DISTRICT JUDGE