# EXHIBIT H

Westlaw.

Not Reported in F.Supp.2d                                                                                             Page 1

Not Reported in F.Supp.2d, 2006 WL 538546 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Lewis v. Williams
D.Del.,2006.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Jimmie LEWIS, Plaintiff,
v.
Warden Rafael WILLIAMS, et al., Defendants.
**No. Civ. 05-013-GMS, Civ. 05-051-GMS, Civ. 05-052-GMS.**

March 6, 2006.

Jimmie Lewis, Smyrna, DE, pro se.

MEMORANDUM
SLEET, J.
*1 The plaintiff Jimmie Lewis ("Lewis"), SBI # 506622, a prisoner incarcerated at Delaware Correctional Center, Smyrna, Delaware, brings this lawsuit pursuant to 42 U.S.C. § 1983. He appears pro se and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I.4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

I. THE COMPLAINT

A. The Amendments

The plaintiff brings this consolidated action against a legion of defendants, raising a number of claims.[FN1] On April 8, 2005, an amended complaint was filed pursuant to Fed.R.Civ.P. 15(a), adding new allegations. (D.I.8.) Thereafter, Lewis sought, and was granted, leave to amend the complaint adding new defendants. (D.I.17.) A second motion to amend was filed on November 10, 2005. (D.I.18.) The amended complaint adds even more defendants and also contains additional allegations.

FN1. The court consolidated case Nos. 05-13-GMS, 05-51-GMS and 05-52-GMS on December 20, 2005. (D.I.22.)

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir.2000) (quoting Fed.R.Civ.P. 15(a)). Inasmuch as the complaint has yet to be screened, the court will grant Lewis' motion to amend the complaint. (D.I.18.) The newly named defendants are Lise Merson, Dr. Rogers, Donald Napolin, Capt. Berggrun, Nurse Jeromy, April Lyonns and Dr. Arumburo.

B. The Allegations

Lewis seeks injunctive relief to obtain medical treatment and a transfer to North Carolina. He also seeks compensatory and punitive damages. Lewis makes many complaints, alleging a panoply of constitutional violations. He also alleges that the defendants conspired to violate his constitutional rights. The majority of Lewis' complaints center around his custody with the Delaware Department of Correction ("DDOC") and his placement at the Howard R. Young Correctional Institution ("HRYCI"), particularly when housed in the infirmary's psychiatric closed observation rooms. The court will address the claims raised in the complaint, the amended complaint, and the second amended complaint. In most instances each successive filing contains the same allegations, albeit the newer filings are more descriptive.

Lewis makes allegations regarding his conditions of confinement, medical treatment and care, and access to the courts. Lewis takes exception to the way inmates are classified. He contends that he was subjected to excessive force and that correction officials failed to protect him. He challenges his

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                            Page 2

Not Reported in F.Supp.2d, 2006 WL 538546 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

conviction and confinement. He also alleges a violation of his right to privacy. Further, he contends that an officer slandered him and that other correction officers used harsh or threatening words when speaking to him. Lewis alleges violations of his right to due process in the filing, investigation, and resolution of grievances, and in the procedures used in conducting disciplinary proceedings. Lewis complains that while housed in maximum security he was deprived of certain activities and rights. Finally, he alleges that virtually all correction officials in a supervisory position failed to properly train, supervise, and/or control their subordinates.

## II. STANDARD OF REVIEW

*2 When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996)(citing *Holder v. City of Allentown,* 987 F.2d 188, 194 (3d Cir.1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when " it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Haines v. Kerner,* 404 U.S. 519, 520-521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## III. ANALYSIS

### A. Pleading Deficiency

Other than naming them as defendants, Lewis provides no details regarding the alleged actions of defendants Betty Burris, Evelyn Steven, and Collen Bell. Additionally, the complaint alleges that Lewis was assaulted by fellow inmates due to the negligence of Pod Officers, but Lewis fails to provide the names of these officers. (D .I. 8, para. 15.) Finally, Lewis names as defendants, First Correctional Medical ("FCM") Staff and Internal Affairs Supervisor but provides no specific names.

There is no heightened pleading requirement when filing civil rights complaints. *Alston v. Parker,* 363 F.3d 229, 233 (3d Cir.2004)(citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)). The plaintiff's complaint, however, "lack[s] enough detail to ... serv[e] its function as a guide to discovery." *Alston v. Parker,* 363 F.3d at 253 (internal citations omitted). As currently presented, the claims against Betty Burris, Evelyn Steven, Collen Bell, the unnamed Pod Officers, the FCM Staff, and the Internal Affairs Supervisor have no arguable basis in law or in fact. *Neitzke v. Williams,* 490 U.S. at 325. As such, the claims are frivolous and are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B. Failure to State a Claim

Lewis raises a number of claims against defendant Warden Rafael Williams ("Warden Williams") which do not sufficiently allege a deprivation of a right secured by the constitution. They are: a) use of an intercom system that causes Lewis' ears to ring (D.I.8, para.37); b) transfer of Lewis to the DDOC without obtaining a court order; c) allowing Michael Knight ("Knight") to serve Lewis pork products without providing a pork substitute and to serve juice containing saccharin (D.I.8, para.40, 41); d) for allowing persons who are not "medically clear" to serve food (D.I.8, para.42); and, e)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 3
Not Reported in F.Supp.2d, 2006 WL 538546 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

providing Lewis an inadequate inmate handbook (D.I.8, para.43). Lewis also brings a claim against Knight for serving pork products without providing a pork substitute.

*3 In order to state a claim under § 1983, Lewis must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. 42 U.S.C. § 1983; See *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996).

None of the foregoing claims rise to the level of a constitutional violation. The claims are frivolous and are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

C. Access to Courts

Lewis alleges he was denied access to a paralegal to assist him in the filing of an application to the Supreme Court, and that while housed in segregation he was prohibited from receiving or sending legal mail. (D.I.18, para.5.) He also alleges that FCM denied him permission to telephone his attorney. Lewis alleges that this deprivation caused him a "legal dilemma" concerning his Superior Court Case.

Prisoners must be allowed "adequate, effective and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) (holding that prisons must give inmates access to law libraries or direct legal assistance). In order to state a claim that he was denied his right of access to the courts, Lewis must show that he was actually injured by such interference. *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Oliver v. Fauver*, 118 F.3d 175, 178 (3d Cir.1997).

Lewis alleges that defendants C/O Talenti ("Talenti"), Capt. Emig ("Emig"), Donald Napolin ("Napolin"), Mr. Fish ("Fish"), Department of Correction Commissioner Stanley Taylor "Commissioner Taylor"), Warden Williams, Georgia Sutton ("Sutton"), Dr. Boston ("Dr.Boston"), and FCM all had involvement in the denial of his access to the courts. The allegations in the complaint, however, indicate that rather than deny access to the courts, defendants Talenti, Emig and Napolin actually assisted Lewis in his requests for legal access. Therefore, the access to the court claim raised against them is dismissed. The court recognizes the existence of a cognizable denial of access to the court claim against defendants Fish, Commissioner Taylor, Warden Williams, Sutton, FCM and Dr. Boston.

D. Respondeat Superior

Lewis alleges that while he was housed in administrative segregation Commissioner Taylor and Warden Williams denied him religious services and counseling, visits, telephone calls to attorney or family, receipt of literature, outdoor recreation, haircuts, law library access, clean uniforms, warm clothing, proper grievance procedure, hygiene products, cleaning supplies, and meals served in a sanitary manner. (D.I.8, para.19.)

He also makes general allegations of denial of access to the commissary, complains of the procedure used for cell extractions, complains that persons who are not medically trained serve food and that he is subjected to acts of reprisals by these individuals. (D.I.2.) Lewis raises additional claims regarding the grievance system, telephone rights, mailing rights, outdoor recreation, and the intercom system, specifically alleging that Warden Williams does not provide a mailing system to assure the proper handling of inmate mail. (D.I.8, para.45.)

*4 Lewis seeks to hold Commissioner Taylor and Warden Williams liable on the basis of their supervisory positions. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 4
Not Reported in F.Supp.2d, 2006 WL 538546 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

indifference to the plight of the person deprived." *Sample v. Diecks,* 885 F.2d 1099, 1118 (3d Cir.1989) (citing *City of Canton v. Harris,* 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)).

There is nothing in the complaint to indicate that either Commissioner Taylor or Warden Williams were the "driving force [behind]" the foregoing list of alleged violations. Additionally, the complaint does not indicate that these defendants were aware of the plaintiff's allegations and remained " deliberately indifferent" to his plight. *Sample v. Diecks,* 885 F.2d at 1118. Thus, these claims against Commissioner Taylor and Warden Williams are dismissed inasmuch as they have no arguable basis in law or in fact.

### E. Conspiracy

Lewis makes a vague allegation that the defendants conspired to deprive him of his rights. For a conspiracy claim, there must be evidence of (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by defendants with the specific intent to violate that right. *Williams v. Fedor,* 69 F.Supp.2d 649, 665-66 (M.D.Pa.), aff'd, 211 F.3d 1263 (3d Cir.2000) (citing *Kerr v. Lyford,* 171 F.3d 330, 340 (5th Cir.1999)). *See also Parkway Garage, Inc. v. City of Phila.,* 5 F.3d 685, 700 (3d Cir.1993) (plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law); *Kelley v. Myler,* 149 F.3d 641, 648-49 (7th Cir.1998) (an agreement or an understanding to deprive the plaintiff of constitutional rights must exist).

The complaint does not contain sufficient allegations that indicate how the defendants acted in concert to deprive Lewis of his constitutional rights. Therefore, the conspiracy claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### F. Verbal Abuse

Lewis alleges that in October 2003 when he was taken to the infirmary, Lt. Chudzik and Corporal Chapel shouted offensive, obscene remarks at him. (D.I. 8 para. 13.) He also alleges that in May 2004 Nurse Kimberly Johnson and Lt. S. Farmer ("Farmer ") both shouted slanderous remarks at him and both pointed capstun spray at him. (D.I.18, para.23.) He does not allege that he actually was sprayed. During the May 2004 incident, Farmer was accompanied by Lt. Patrick Sheets and Lt. Joseph Sabato. Later Lt. Sabato and Officer D. Carlock investigated the situation. Lewis alleges that at a later time Farmer threatened him that he would be beaten upon his transfer to Administrative Segregation. Finally, Lewis alleges that he was a victim of slander and libel when Lt. Patrick Sheets spread vicious rumors about him. (D.I.18, para.22.) Lewis alleges that he wrote to Commissioner Taylor, Warden Williams, and Emig regarding the foregoing, they failed to act or respond, and that he filed a grievance, to no avail.

*5 Verbal harassment does not rise to the level of a constitutional violation. *See Murray v. Woodburn,* 809 F.Supp. 383, 384 (E.D.Pa.1993); see also *McBride v. Deer,* 240 F.3d 1287, 1291 (10th Cir.2001) (taunts and threats are not an Eighth Amendment violation); *Prisoners' Legal Ass'n v. Roberson,* 822 F.Supp. 185, 189 (D.N.J.1993) (verbal harassment does not violate inmate's constitutional rights). Similarly, allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983 . *Collins v. Cundy,* 603 F.2d 825 (10th Cir.1979) (defendant laughed at prisoner and threatened to hang him).

Additionally, Lewis' claims of slander and libel against Sheets are not cognizable under § 1983. Tort claims such as defamation of character are not properly included in a civil rights action under 42 U.S.C. § 1983. *Daniels v. Williams,* 474 U.S. 327, 332 (1986) (quoting *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)) ("We have previously rejected reasoning that 'would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States." ' *See also Hernandez v. Hunt,* Civ.A. No. 89-4448, 1989 WL 66634 (E.D.Pa. Jun 16, 1989).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.