# EXHIBIT H (con't)

Case 1:05-cv-00632-SLR    Document 60-13    Filed 04/12/2007    Page 1 of 7

Not Reported in F.Supp.2d    Page 5

Not Reported in F.Supp.2d, 2006 WL 538546 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Lewis' claims of verbal abuse, verbal harassmsent, slander and libel are not cognizable under § 1983. Therefore, they are dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### G. Conviction/Sentence

Lewis alleges that on October 6, 2003, the actions of Warden Williams and the policies of FCM denied him a fair trial. (D.I.2.) Lewis alleges this occurred when for security reasons, Warden Williams would not transfer Lewis' civilian clothing to the court where Lewis' trial was taking place. Lewis alleges this deprived him of a full and fair opportunity to present himself in front of a jury.

Lewis also alleges that the actions of Farmer caused him to be placed in Administrative Segregation and then transferred to the Delaware Psychiatric Center. He alleges that Farmer instructed that his records indicate he was transferred after assaulting a corrections officer, and that Lt. Philip Parker ("Parker") documented same. Lewis alleges that this conduct caused an atypical and significant hardship because the erroneous information contained in the psychiatric evaluation was used for his competency determination. Lewis also alleges that this erroneous information was used by the Superior Court Judge to sentence him to the maximum term, and he was denied immediate release.

In essence Lewis challenges his conviction and confinement and seeks damages for alleged harm caused by Warden Williams, FCM, Farmer, and Parker as it relates to his conviction and sentence. Such a claim is not cognizable under § 1983 unless and until the conviction is invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 489, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Indeed, to the extent that Lewis attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

*6 Lewis has not alleged that his conviction or sentence was reversed or invalidated as required by *Heck*. To the extent Lewis seeks damages for his conviction and sentence, his claim rests on an "inarguable legal conclusion," is frivolous, and is dismissed.

### H. Privacy

Lewis alleges that Debra Muskarelli ("Muskarelli") used the intercom system to eavesdrop and/or spy on him during his pretrial confinement at the mental health pod. (D.I.18, para.8.) He alleges that the spying caused him to become paranoid, delusional and psychotic. Lewis alleges that he wrote to Commissioner Taylor, Warden Williams, and Dr. Boston regarding Muskarelli's actions but that they failed to act or respond. Also, he filed a grievance, to no avail. Lewis also alleges that Warden Williams and C/O Harriford utilized the intercom system to spy on him. (D.I.8, paras.25, 32.)

"A right to privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer*, 468 U.S. 517, 527, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Hence, "prisoners retain no legitimate expectation of privacy in their cells for fourth amendment purposes." *Jones/Seymour v. LeFebvre*, 781 F.Supp. 355, 357 (E.D.Pa.1991), *aff'd*, 961 F.2d 1567 (3d Cir.1992) (TABLE); *Proudfoot v. Williams*, 803 F.Supp. 1048, 1051 (E.D.Pa.1992); *Csizmadia v. Fauver*, 746 F.Supp. 483, 490 (D.N.J.1990). Lewis makes no allegations that the defendants' alleged actions involved listening in or spying upon constitutionally protected conversations. He simply claims that they were eavesdroppers and spies. The claim is frivolous and is dismissed as such pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

### I. Grievances

Lewis makes several allegations relative to grievances he filed. He alleges that defendant Napolin did not process his grievances and refused to acknowledge them. (D.I.18, para.30.) Lewis

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                  Page 6
Not Reported in F.Supp.2d, 2006 WL 538546 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

alleges that he wrote to Commissioner Taylor and Dr. Boston about the actions of Napolin, but they failed to act or respond. As with other claims, Lewis filed a grievance, to no avail.

Lewis further alleges that Sgt. Marg Moody ("Moody"), denied him the right to have his grievances properly addressed by sabotaging, hindering or denying grievances he filed. (D.I.18, para.38, 51.) Lewis alleges that Cpl. Lise M. Merson ("Merson"), the DCC inmate grievance chairperson, deliberately denied him the right to address his non-medical grievances in accordance with the grievance process. (D.I.8, para.39.)

Finally, Lewis alleges that he filed a grievance against Sgt. Fred Way ("Way") for failing to investigate threats Lewis received from an inmate. (D.I.18, para.24.) He contends that Way's failure to act caused him atypical and significant hardship of "psychotic and paranoid delusions" and being confined to the closed observation room. Lewis alleges that he wrote to Commissioner Taylor, Warden Williams, Dave Williams ("D.Williams"), and Emig but they failed to act or respond. He also filed a grievance, to no avail.

*7 Prisoners possess the constitutional right of meaningful access to the courts. See *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, "the right is not compromised by the failure of prison officials to address these grievances." *Booth v. King*, 346 F.Supp.2d 751, 761 (E.D.Pa.2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. *Burnside v. Moser*, No. 04-4713, 138 Fed.Appx. 414, 415 (3d Cir.2005). Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. *Hoover v. Watson*, 886 F.Supp. 410, 418-419 (D.Del.), aff'd, 74 F.3d 1226 (3d Cir.1995). Similarly, the failure to investigate a grievance does not raise a constitutional issue. *Brown v. Department of Correction*, No. Civ.A. 05-343-SLR, 2005 WL 344065, at *3 (D.Del. Dec. 15, 2005) (citing *Hurley v. Blevins*, No. Civ.A. 6:04CV368, 2005 WL 997317 (E.D.Tex. March 28,

2005)).

Lewis cannot maintain a constitutional claim based solely upon his perception that his grievances were not properly processed or investigated. The claims are frivolous and therefore are dismissed.

### J. Failure to Protect

Lewis alleges that Warden Williams failed to classify inmates in a manner that would not present an immediate danger to his safety. (D.I.8, para.34.) Lewis also alleges that Warden Williams failed to install gates to protect him from physical attacks from inmates who have a different classification status. (D.I.8, paras.35, 36.) Finally, he alleges that Warden Williams does not use video cameras during cell extractions, and this policy has subjected Lewis to numerous physical attacks by correction officers. (D.I.8, para.38.)

Prison officials have a duty to take reasonable measures to protect prisoners from attacks by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In order to state a claim against a prison official for failure to protect, the plaintiff must establish (1) "that he is incarcerated under conditions posing a substantial risk of serious harm" and (2) that the prison official was "deliberately indifferent" to the inmate's health or safety. *Id.* at 834. The prison official cannot be found liable "unless the official knows of and disregards an excessive risk to inmate health or safety". *Id.* at 837. He must "both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

The complaint does not allege that Warden Williams was aware or should have been on notice that Lewis was substantially at risk from attack by other inmates. Therefore, Lewis has failed to state a claim against Warden Williams for failure to protect, and the claim is dismissed.

### K. Due Process

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 7

Not Reported in F.Supp.2d, 2006 WL 538546 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Lewis alleges that his placement in maximum security deprived him of the right to obtain work credits and/or work release status. The court construes this as an attempt to raise a due process claim under Fourteenth Amendment. "As long as the conditions or the degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." ' *Hewitt v. Helms,* 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983) (citing *Montanye v. Haymes,* 427 U.S. 236, 242, 96 (1976)). Hence, transfer of a prisoner from one institution to another or from one classification to another is unprotected by "the Due Process Clause in and of itself," even though the change in status involves a significant modification in conditions of confinement. *Hewitt,* 459 U.S. at 468; *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *also see Lott v. Arroyo,* 785 F.Supp. 508, 509 (E.D.Pa.1991) (plaintiff transferred from group home to correctional facility had no constitutionally enforceable right to participate in a work release program); *Brown v. Cunningham,* 730 F.Supp. 612 (D.Del.1990) (plaintiff's transfer from the general population to administrative segregation, without being given notice and the opportunity to challenge the transfer, was not a violation of plaintiff's liberty interest).

*8 Despite Lewis' allegations that confinement in maximum security involves a change in the condition of confinement, he has no constitutionally protected right to participate in work programs while housed in maximum security. Thus, Lewis fails to state a due process claim. The claim, therefore, is dismissed.

### L. Witnesses

Lewis alleges that Corporal Currington served him with a disciplinary report dated February 17, 2005, and approved by Farmer. (D.I.8, para.57.) Lewis alleges his right to due process was violated because his witnesses were transferred to another facility and he was not able to properly defend himself. The complaint does not state who allegedly violated Lewis' right to due process.

While prisoners retain certain basic constitutional rights, including procedural due process protections, prison disciplinary hearings are not part of criminal prosecution, and an inmate's rights at such hearings may be curtailed by the demands and realities of the prison environment. *Wolff v. McDonnell,* 418 U.S. 539, 556-57, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Young v. Kann,* 926 F.2d 1396, 1399 (3d Cir.1991). The requirements of due process in prison disciplinary hearings are that an inmate is entitled to (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff,* 418 U.S. at 563-71.

As mentioned above, Lewis does not state who allegedly violated his constitutional rights. Accordingly, the claim is dismissed as frivolous.

### M. Eleventh Amendment

Throughout his complaint, Lewis alleges that HRYCI violated his constitutional rights. He also alleges that Internal Affairs failed to supervise and/or control DDOC correction officers after being notified on several occasions that Lewis' constitutional rights were being violated. (D.I.8, para.55.)

HRYCI is an agency of the State of Delaware. Internal Affairs, as a division of the Delaware Department of Correction, is also an agency of the State of Delaware. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh,* 661 F.2d 23, 25 (3d Cir.1981) (citing *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978)). The State of Delaware has not waived its sovereign immunity

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                      Page 8

Not Reported in F.Supp.2d, 2006 WL 538546 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

under the Eleventh Amendment. *See Ospina v. Department of Correction,* 749 F.Supp. 572, 579 (D.Del.1991). Hence, as an agency of the State of Delaware, the Department of Corrections is entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford,* C.A. No. 03-868-KAJ, 2004 WL 2009362, *4 (D.Del. Aug.25, 2004) (claim against DOC is dismissed on the basis of Eleventh Amendment immunity).

*9 Lewis' claims against HRYCI and Internal Affairs have no arguable bases in law or in fact inasmuch as they are immune from suit. Therefore, the claims are frivolous and are dismissed pursuant to 28 U.S.C. § 1915A(b).

## IV. CONCLUSION

For the above stated reasons, the court finds that certain claims raised by Lewis are factually and legally frivolous making their dismissal appropriate while other claims raised by Lewis are cognizable. An appropriate order will be entered.

## ORDER

At Wilmington this 6th day of March, 2006, for the reasons set forth in the Memorandum issued this date,

1. The plaintiff's motion to amend the complaint (D.I.18) is GRANTED.

2. The following claims are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1):

a. The plaintiff's claims against defendants Betty Burris, Evelyn Steven, Collen Bell, unnamed Pod Officers, First Correctional Medical Staff, Michael Knight, Internal Affairs, Internal Affairs Supervisor, Nurse Kimberly Johnson, Sgt. Marg Moody, Cpt. Lise M. Merson, HYRCI, and Internal Affairs;

b. The plaintiff's claims against Warden Williams regarding the intercom system, transferring without a court order; pork products, juice containing saccharin, non-medical persons serving food, inadequate inmate handbook, access to the commissary, cell extraction procedure, food service handlers, grievance system, telephone rights, mail rights/system, outdoor recreation, inmate classification, installation of gates, and video cameras use during cell extractions;

c. The plaintiff's claim for denial of access to the courts against defendants Talenti, Emig and Napolin;

d. The plaintiff's claims against Commissioner Taylor and Warden Williams regarding religious services and counseling, visits, telephone calls, literature, outdoor recreation, haircuts, law library access, clean uniforms, warm clothing, proper grievance procedure, hygiene products, cleaning supplies, and meals service;
e. The plaintiff's conspiracy claims;
f. The plaintiff's claims of verbal abuse, verbal harassment, slander, and libel;
g. The plaintiff's claim for damages as a result of his conviction and sentence;
h. The plaintiff's privacy claim;
i. The plaintiff's claims that his grievances were not properly processed;
j. The plaintiff's claim regarding the right to obtain work credits and participate in the work release program; and
k. The plaintiff's due process claim as to the February 17, 2005, disciplinary report.

3. The court has identified several cognizable claims which Lewis may pursue. Lewis may proceed with the following claims:

a. Eighth Amendment conditions of confinement claims against defendants Dr. Joshi, Talenti, Newman, Blue, Warden Williams, Commissioner Taylor, Dr. Boston, Sutton, Fish, Lyonns, Way, Gassner, Hardgrave, Davis, Rodriguez, Cumberback, and Emig;

b. Eighth Amendment medical claims against defendants FMC, Talenti, D. Young, Bordley, Carlock, Armstrong, Sheets, Parker, Richards, Way, Mitchell, Medford, Farmer, Kennedy, Singh,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Page 9

Not Reported in F.Supp.2d, 2006 WL 538546 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Commissioner Taylor, Warden Williams, Dr. Boston, D. Williams, Lyonns, Sabato Emig, Berggrum, Bamford, Hernandez, Nurse Inna, Nurse Jeromy, Fish, Sutton, Wayman, Dr. Arumburo, Dr. Ali, Dr. Rogers, and Carroll;

*10 c. First Amendment access to courts claim against defendants Fish, Commissioner Taylor, Warden Williams, Sutton, First Correctional Medical and Dr. Boston, and the taking of legal property claim against defendants Commissioner Taylor and Warden Williams;

d. Eighth Amendment excessive force and failure to protect claims against defendants A. Davis, Goins, Presley, C. Johnson, Apa, Harriford, Chapel, Kennedy, Lewis, Talenti, Reynolds, Chudzik and Soul; and

e. Fourteenth Amendment due process claims against defendants Napolin, Muskarelli, Dr. Joshi, Dr. Boston, Commissioner Taylor, Warden Williams, Sheets, Sabato, Parker, Farmer, Mitchell, Polk, Canon, V. Williams, Ince, Chaffer, Way, Cumberback, Reynolds and Mase.

IT IS FURTHER ORDERED that:
1. The Clerk of the Court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed.R.Civ.P. 4(c)(2) and (d)(2), the plaintiff shall complete and return to the Clerk of the Court an original "U.S. Marshal-285" form for each defendant listed in 3.a. through 3.e. above, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to Del.Code Ann. tit. 10 § 3103(C). Additionally, the plaintiff shall provide the court with one copy of the complaint (D.I.2), the amended complaint (D.I.8) and the second amended complaint (D.I.18) for service upon each defendant listed in 3.a. through 3.e. above. The plaintiff is notified that the United States Marshal will not serve the complaint, the amended complaint and the second amended complaint until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms for the defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint, amended complaint and second amended complaint this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4. Within thirty (30) days from the date that the " Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed.R.Civ.P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed.R.Civ.P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within sixty (60) days from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the " Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

*11 6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. NOTE: * * * When an amended complaint is filed prior to service, the court will VACATE all previous Service Orders entered, and service will not take place. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). * * *

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2006 WL 538546 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 10

8. NOTE: * * * Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. * * *

D.Del.,2006.
Lewis v. Williams
Not Reported in F.Supp.2d, 2006 WL 538546 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.