# EXHIBIT K

Westlaw.

Not Reported in F.Supp.2d                                                                                    Page 1

Not Reported in F.Supp.2d, 2003 WL 21844285 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Wilson v. Harmon
D.Del.,2003.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Larry F. WILSON, Plaintiff,
v.
Felix HARMON and Jeffrey K. Foskey Defendants.
No. C.A.02-1583-SLR.

July 31, 2003.

Larry F. Wilson, pro se.
Stuart B. Drowos, of The Delaware Department of Justice, State of Delaware, for defendants.

MEMORANDUM OPINION
ROBINSON, Chief J.

I. INTRODUCTION

*1 On October 28, 2002, *pro se* plaintiff Larry F. Wilson filed an action against defendants Sgt. Felix Harmon and C/O Jeffrey K. Foskey pursuant to 42 U.S.C. § 1983 alleging violations of the Fourth and Eighth Amendment. This court has jurisdiction pursuant to 28 U.S.C. § 1331. Presently before the court is defendants' motion to dismiss. (D.I.23) For the reasons that follow defendants' motion is granted.

II. BACKGROUND

Plaintiff is an inmate at the Sussex Correctional Institution ("SCI") in Georgetown, Delaware. (D.I.2) On October 17, 2001, plaintiff claims that defendants searched and conducted shake downs of inmates' cells during which plaintiff and his cell mate were ordered to exit their cell and strip naked. (*Id.*) Plaintiff claims that the strip search was carried out in plain view of other inmates, some being within four to twelve feet of plaintiff. (*Id.*)

On October 28, 2002, this court granted plaintiff leave to proceed *in forma pauperis*. (D.I.4) On November 15, 2002, plaintiff moved for appointment of counsel. (D.I.5) On December 3, 2003, plaintiff moved to amend his complaint to bring an action against defendants in their individual capacities, rather than their official capacities. (D.I.7) This court granted plaintiff's motion to amend his complaint. On January 21, 2003, this court denied plaintiff's motion for appointment of counsel. (D.I.16) On February 26, 2003, defendants filed the present motion to dismiss. (D.I.23)

III. STANDARD OF REVIEW

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir.1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.* Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Where the plaintiff is a *pro se* litigant, the court has an obligation to construe the complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Gibbs v. Roman*, 116 F.3d 83, 86 n. 6 (3d Cir.1997); *Urrutia v. Harrisburg County Police Dep't.*, 91 F.3d 451, 456 (3d Cir.1996). The moving party has the burden of persuasion. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991).

IV. DISCUSSION

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 2
Not Reported in F.Supp.2d, 2003 WL 21844285 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

### A. Defendants Have Not Shown That Plaintiff Has Failed to Exhaust His Administrative Remedies

The Prison Litigation Reform Act ("PLRA") of 1996, codified at 42 U.S.C. § 1997e, provides that *2 no action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal Law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available to him are exhausted.

Courts have consistently held that inmates must first exhaust all administrative remedies available prior to filing a § 1983 action based upon prison conditions, regardless of futility. *Booth v. Churner,* 532 U.S. 731 (2001); *See, e.g. Nyhuis v. Reno* 204 F.3d 65, 67 (3d Cir.2000). Section 1997e(a) is applicable to all inmate claims except those challenging the duration of confinement. As such, plaintiff's complaint is subject to § 1997e(a)'s exhaustion of remedies requirement. *See Porter v. Nussle,* 534 U.S. 516 (2002). Plaintiff alleges, and defendant admits, that a grievance was filed with SCI regarding this incident. Defendants argue, however, that since filing his grievance, plaintiff has not taken any further steps to forward the process and does not know the status of his grievance. This argument is unpersuasive. This court has held that when a plaintiff files a grievance and the record does not reflect the current status of the procedure or its lack of resolution, the court will assume that plaintiff has exhausted his administrative remedy. *Hyson v. Corr. Med. Servs.,* 2003 U.S. Dist. LEXIS 1879, *7 (D.Del. Feb. 6, 2003). Such is the case here. Defendants have pointed to no evidence in the record or submitted any documents showing that plaintiff has failed to progress a grievance through any fault of his own. Therefore, defendants' motion to dismiss for failure to exhaust administrative remedies is denied.

### B. Pursuant to 42 U.S.C. § 1983, Plaintiff Does Not State a Claim Under Fed.R.Civ.P.12(b)(6)

Plaintiff claims that his Fourth and Eighth Amendment rights were violated when defendants subjected him to a strip search in front of other inmates. Inmates do not have a Fourth Amendment right to be free from strip searches, which can be conducted by prison officials without probable cause provided that the search is conducted in a reasonable manner. *Bell v. Wolfish,* 441 U.S. 520 (1979); *Wilson v. Shannon,* 982 F.Supp. 337 (E.D.Pa.1997). The reasonableness of inmate searches is determined by balancing "the need for the particular search against the invasion of the personal rights that the search entails." *Bell, supra.* Where, as here, a plaintiff does not allege excessive force or any injury resulting from a strip search, several courts have held routine strip searches reasonable. *See Goff v. Nix,* 803 F.2d 358, 370-71 (8th Cir.1986) (upholding visual body cavity search of segregation unit inmates before and after going to exercise area); *Arruda v. Fair,* 710 F.2d 886 (1st Cir.1983) (validating strip searches of inmates traveling from segregated housing unit to law library, infirmary, or visitor's rooms); *Campbell v. Miller,* 787 F.2d 217, 228 (7th Cir.1986) (permitting visual body cavity searches of high security inmates being transported to law library); *Castro v. Chesney,* 1998 U.S. Dist. LEXIS 17278 (E.D.Pa. Nov. 3, 1998); *Gutridge v. Chesney,* 1998 U.S. Dist. LEXIS 6647 (E.D.Pa. May 8, 1998). Furthermore, strip searches may be conducted in the presence of other guards and prisoners. *DiFilippo v. Vaughn,* 1996 U.S. Dist. LEXIS 8823, 1996 WL 355336 (E.D.Pa. June 24, 1996). Given the fact that plaintiff has alleged no physical harm or that force was used during the search, the court concludes that the conduct complained of does not rise to the level of a constitutional violation cognizable under § 1983. As such, defendants' motion to dismiss for failure to state a claim is granted.

### IV. CONCLUSION

*3 For the reasons stated, defendants' motion to dismiss is granted. An appropriate order shall issue.

### ORDER

At Wilmington this 31st day of July, 2003,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                         Page 3
Not Reported in F.Supp.2d, 2003 WL 21844285 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

consistent with the memorandum opinion issued this same day;

IT IS ORDERED that defendants' motion to dismiss (D.I.23) is granted.

D.Del.,2003.
Wilson v. Harmon
Not Reported in F.Supp.2d, 2003 WL 21844285 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.