IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERRON MAURICE LINDSEY,              ) | |
| )| |
| Plaintiff,            ) | |
| ) | |
| v.               ) | C. A. No. 05-632-SLR |
| ) | |
| ATTORNEY GENERAL JANE BRADY,   ) | JURY TRIAL DEMANDED |
| WARDEN THOMAS CARROLL,          ) | |
| COMMISSIONER STANLEY TAYLOR,  ) | |
| BUREAU CHIEF PAUL HOWARD,       ) | |
| INTERNAL AFFAIRS, SERGEANT        ) | |
| JOSEPH BELANGER, CORPORAL       ) | |
| LISE MERSON, and C/O ROSALIE      ) | |
| VARGUS,                                          ) | |
| ) | |
| Defendants.      ) | |

**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

In further support of their Motion for Summary Judgment, Defendants Thomas Carroll, Stanley Taylor, Paul Howard, Internal Affairs, Joseph Belanger, Lise Merson and Rosalie Vargas (collectively, "Defendants") state as follows:

Plaintiff Gerron Lindsey recently filed a Notice of Dismissal as to Defendants Thomas Carroll, Stanley Taylor, Paul Howard, Internal Affairs, Lise Merson and Rosalie Vargas. [D.I. 64]. Thus, the sole remaining Defendant in this case is Sergeant Joseph Belanger ("Sgt. Belanger").

In his Complaint, Plaintiff asserted two claims against Sgt. Belanger. In the first, Plaintiff alleged that Sgt. Belanger was deliberately indifferent to his serious medical needs. In the second, he alleged that Sgt. Belanger violated his constitutional rights by

subjecting him to a strip search. In his Answering Brief, Plaintiff indicated that he "waived" the second claim. D.I. 63 at 10.

Therefore, the sole claim remaining in this case is the claim for deliberate indifference to serious medical needs against Sgt. Belanger.

**I.    SGT. BELANGER IS ENTITLED TO SUMMARY JUDGMENT.**

   A.    SGT. BELANGER WAS NOT DELIBERATELY INDIFFERENT TO PLAINTIFF'S SERIOUS MEDICAL NEEDS.

On February 23, 2005, Plaintiff was receiving a breathing treatment administered by Nurse Holly Furne in the medical office in the Secure Housing Unit ("SHU") at Delaware Correctional Center. According to Plaintiff, Sgt. Belanger ordered Nurse Furne to terminate the treatment. According to Sgt. Belanger, Nurse Furne terminated the treatment on her own initiative.

Assuming *arguendo* that Plaintiff's version of events is correct, Sgt. Belanger is nevertheless entitled to summary judgment because he was not deliberately indifferent to Plaintiff's serious medical needs.

The "deliberate indifference" requirement is satisfied only if the prison official "knows and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). A prison official is deliberately indifferent to the medical needs of an inmate when there is a strong likelihood that harm will occur and the prison official knew or should have known of that strong likelihood. *Colburn v. Upper Darby Township,* 946 F.2d 1017, 1024 (3d Cir. 1991).

As set forth in the Opening Brief, when Sgt. Belanger arrived at the medical office, Plaintiff did not appear to be in physical distress.  D.I. 60 at 10.  This point is conceded by Plaintiff in his Answering Brief.  Plaintiff attached to his Brief, as Exhibit A, an affidavit from Nurse Furne.  In her affidavit, Nurse Furne describes what happened when Sgt. Belanger came to the medical office and allegedly terminated the treatment.  Plaintiff stated, "it's all right, if you give me a new inhaler, I think I can get by."  Exhibit A to Answering Brief [D.I. 63] at ¶ 15.  Plaintiff was given a new inhaler then removed from the medical office.

In these circumstances, Plaintiff cannot establish that Sgt. Belanger, a non-medical staff member, knew or should have known that there was a strong likelihood that Plaintiff would be harmed by termination of the treatment.

Further, Plaintiff cannot demonstrate that he was experiencing a serious medical need.  As set forth in the Opening Brief, after Plaintiff was removed from the medical office, he experienced a brief period of discomfort.  He chose not to use his inhaler.  He rested in his cell until his symptoms resolved.  There is no evidence that he put in a sick call slip or requested further medical attention.  Plaintiff has had no ongoing medical problems related to the termination of his breathing treatment.  D.I. 60 at 3, 11.

Plaintiff experienced relatively minor symptoms of limited duration subsequent to the termination of his breathing treatment.  Plaintiff points to no legal authority suggesting that temporary shortness of breath and discomfort present a constitutional violation.  Thus, Sgt. Belanger is entitled to summary judgment on the claim of deliberate indifference to Plaintiff's serious medical needs.

B.      SGT. BELANGER IS ENTITLED TO QUALIFIED IMMUNITY.

In his Answering Brief, Plaintiff claims that Sgt. Belanger is not entitled to qualified immunity. D.I. 63 at 8-9.

A two part test is used to determine whether an official is entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 200-202 (2001). First, the court must determine whether the official's conduct violated a constitutional right. *Id.* at 201. If there was no violation of a constitutional right, there is no need for further inquiry. If a violation occurred, then the second task is to determine whether the constitutional right was clearly established at the time of the official's action. *Id.* This inquiry requires that "the contours of the right . . . be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 202 (citation omitted). "That is, in the factual scenario established by the plaintiff, would a reasonable officer have understood that his actions were prohibited?" *Bennett v. Murphy,* 274 F.3d 133, 136 (3d Cir. 2002). Thus, the doctrine of qualified immunity protects the officer from liability if "the officer's mistake as to what the law requires is reasonable." *Saucier,* 533 U.S. at 205.

In this case, as set forth herein, Sgt. Belanger did not violate Plaintiff's constitutional rights. Therefore, there is no need for further inquiry under a qualified immunity analysis.

However, assuming that a constitutional violation occurred, Sgt. Belanger is nevertheless entitled to qualified immunity. Plaintiff can point to no case law suggesting that an officer was prohibited from terminating the breathing treatment of an inmate with

4

no visible signs of distress who stated that he was "all right." In fact, case law from other jurisdictions indicates that shortness of breath and wheezing do not present serious medical needs. *See Oliver v. Deen,* 77 F.3d 156, 160 (7th Cir. 1996) (asthmatic plaintiff did not show serious medical need where exposure to cigarette smoke caused him to wheeze and show other signs of discomfort). Thus, in the circumstances presented, Sgt. Belanger could not possibly have known that his conduct violated Plaintiff's constitutional rights. Any mistake by Sgt. Belanger as to what the law required was reasonable, and he is entitled to qualified immunity.

## II.     PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES.

In their Opening Brief, Defendants argued that Plaintiff was not entitled to compensatory damages under the Prison Litigation Reform Act, 42 *U.S.C.* § 1997e(e). D.I. 60 at 13-14. It appears that Plaintiff has conceded that point, and seeks only nominal and punitive damages. D.I. 63 at 7. Defendants do not dispute that Section 1997e(e)'s physical injury requirement does not bar claims for nominal and punitive damages.

Punitive damages may be awarded in a civil rights action "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56 (1983).

As set forth herein, Plaintiff's allegations do not present a claim for deliberate indifference and consequently do not present a claim for punitive damages.

### III.    CONCLUSION

WHEREFORE, for the reasons set forth herein, and for the reasons set forth in their Opening Brief, Defendants respectfully request that this Court grant summary judgment in their favor.

                                          **STATE OF DELAWARE**
                                          **DEPARTMENT OF JUSTICE**

                                          /s/ Ralph K. Durstein III
                                          Ralph K. Durstein III, I.D. #912
                                          Deputy Attorney General
                                          820 N. French St., 6th Floor
                                          Wilmington, DE 19801
                                          (302) 577-8400
                                          ralph.durstein@state.de.us
                                          Attorney for Defendants

Dated: May 29, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2007, I electronically filed *Defendants' Reply Memorandum of Points And Authorities In Support of Their Motion for Summary Judgment* with the Clerk of Court using CM/ECF.  I hereby certify that on May 29, 2007, I have mailed by United States Postal Service, the document to the following non-registered party:  Gerron M. Lindsey.

/s/ Ralph K. Durstein III
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
ralph.durstein@state.de.us